# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JANEL M. WHITBECK,
        Appellant,

        v.

DEPARTMENT OF HOMELAND
   SECURITY,
        Agency.

DOCKET NUMBER
SF-0752-11-0408-I-1

DATE: June 24, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Janel M. Whitbeck</u>, Sumas, Washington, pro se.

<u>Alina McLauchlan</u>, Seattle, Washington, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BACKGROUND**

¶2    On March 9, 2011, the appellant filed an appeal of the agency's decision to terminate her internship with the U.S. Customs and Border Protection.  Initial Appeal File (IAF), Tab 1.  She was in the excepted service under the authority of 5 C.F.R. § 213.3202(o), pursuant to the Federal Career Intern Program when her internship was terminated.  *Id*.  Thus, to establish Board jurisdiction over her appeal, the appellant was required to show that she was:  (a) a preference-eligible employee who has completed 1 year of current continuous service in the same or a similar position; or (b) an employee who is not serving a probationary or trial period under an initial appointment pending conversion to the competitive service, or who has completed 2 years of current, continuous service in the same or similar positions under other than a temporary appointment limited to 2 years or less.  *See* 5 U.S.C. § 7511(a)(1)(B), (C).  The administrative judge found that the appellant failed to submit any evidence that shows she was an "employee" under 5 U.S.C. § 7511(a)(1)(B) or (C), and that the agency had terminated her internship prior to converting her to the competitive service.  IAF, Tab 10, Initial Decision (ID) at 3-4.  Accordingly, the administrative judge dismissed the appeal for lack of jurisdiction.  ID at 4.  The initial decision also informed the parties that it would become a final decision unless either party filed a petition for review by May 20, 2011.  ID at 5.

¶3    The appellant, however, did not file her petition for review until January 16, 2015.  Petition for Review (PFR) File, Tab 1.  On review, she asserts that her petition for review was untimely filed because of illness and misrepresentation by her attorney.  *Id*.  The Office of the Clerk of the Board informed the appellant that her petition was untimely filed and directed her to submit a sworn statement showing good cause for the untimely filing.  PFR File, Tab 2.  The appellant did not respond.  The agency has responded to the Clerk of

the Board's order, arguing that the petition should be dismissed as untimely filed and, in the alternative, dismissed for lack of jurisdiction. PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4        A petition for review generally must be filed within 35 days after the date of the issuance of the initial decision or, if the appellant shows that the initial decision was received more than 5 days after it was issued, within 30 days after she received it. 5 C.F.R. § 1201.114(d). The Board will waive this time limit only upon a showing of good cause for the delay in filing. 5 C.F.R. §§ 1201.12, 1201.114(f). To establish good cause for the untimely filing of an appeal, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine if an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶5        Here, we find that the appellant has failed to show that she exercised due diligence or ordinary prudence to justify waiving the filing deadline. Specifically, she filed her petition for review on January 16, 2015, 3 years and 8 months after the May 20, 2011 filing deadline, and she asserts that her filing was untimely because she was diagnosed in November 2010 with endometriosis which causes her nausea, migraines, backaches, and fatigue. To establish that an untimely filing was the result of an illness, the party must: (1) identify the time period during which she suffered from the illness; (2) submit medical evidence showing that she suffered from the alleged illness during that time period; and

(3) explain how the illness prevented her from timely filing her petition for review or a request for an extension of time. *Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998). Although the appellant asserts that her medical condition prevented her from timely filing her petition for review, she failed to submit any medical evidence showing that she suffered from the alleged illness during the period of delay. She also did not explain how the illness prevented her from timely filing her petition for review or a request for an extension of time.

¶6 The appellant also asserts that her petition was untimely filed because her former attorney did not provide her adequate representation during the appeal process below and he failed to tell her that she could contest the initial decision. PFR File, Tab 1. However, the Board has long held that an appellant is responsible for the errors of her chosen representative. *Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981). While a limited exception exists where an appellant has proven that her diligent efforts to prosecute her appeal were thwarted by her representative's deception and negligence, *see Dunbar v. Department of the Navy*, 43 M.S.P.R. 640, 643-45 (1990), that exception is not applicable in this case. In *Dunbar*, the Board found that the appellant diligently monitored the progress of his appeal and that he was misled by his attorney. Here, the appellant asserts that her former attorney did not advise her that she could file a petition for review. Nevertheless, the record reflects that she received a copy of the initial decision at her home address, which clearly notified her of her right to request Board review, but she made no attempt to file a petition for review until almost 4 years later. ID at 5. Thus, we find that, because the appellant has failed to show that she diligently pursued her petition for review before the Board, *Dunbar* does not apply.

¶7 Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness

of the petition for review. The initial decision remains the final decision of the Board regarding the appeal of the termination of her internship.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.